# Addendum

# Addendum Table of Contents

**USERRA provisions**

38 U.S.C. § 4301 ......................................................................1a

38 U.S.C. § 4302 ......................................................................1a

38 U.S.C. § 4316 ......................................................................2a

38 U.S.C. § 4317(a)(1)..............................................................6a

**Federal regulations**

20 C.F.R. § 1002.149................................................................7a

20 C.F.R. § 1002.150................................................................7a

20 C.F.R. § 1002.7 ...................................................................9a

**Collective Bargaining Agreement**

Collective Bargaining Agreement Article 30......................................11a

Collective Bargaining Agreement Article 40......................................11a

**Amentum's Military Leave Policy**

Section 2.0 ...........................................................................12a

Section 4.2 ...........................................................................12a

Section 4.3 ...........................................................................13a

Section 4.11 .........................................................................14a

Section 4.12 .........................................................................15a

**Uniformed Services Employment and Reemployment Rights Act**

**38 U.S.C. § 4301.** Purposes; sense of Congress

(a) The purposes of this chapter are—

(1) to encourage service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service;

(2) to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service; and

(3) to prohibit discrimination against persons because of their service in the uniformed services.

(b) It is the sense of Congress that the Federal Government should be a model employer in carrying out the provisions of this chapter.

**38 U.S.C. § 4302.** Relation to other law and plans or agreements

(a) Nothing in this chapter shall supersede, nullify or diminish any Federal or State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that establishes a right or benefit that is more beneficial to, or is in addition to, a right or benefit

provided for such person in this chapter.

(b) This chapter supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit.

**38 U.S.C. § 4316.** Rights, benefits, and obligations of persons absent from employment for service in a uniformed service

(a) A person who is reemployed under this chapter is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed.

(b)

(1) Subject to paragraphs (2) through (6), a person who is absent from a position of employment by reason of service in the uniformed services shall be—

(A) deemed to be on furlough or leave of absence while performing such service; and

(B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

(2)

(A) Subject to subparagraph (B), a person who—

(i) is absent from a position of employment by reason of service in the uniformed services, and

(ii) knowingly provides written notice of intent not to return to a position of employment after service in the uniformed service, is not entitled to rights and benefits under paragraph (1)(B).

(B) For the purposes of subparagraph (A), the employer shall have the burden of proving that a person knowingly provided clear written notice of intent not to return to a position of employment after service in the uniformed service and, in doing so, was aware of the specific rights and

3a

benefits to be lost under subparagraph (A).

(3) A person deemed to be on furlough or leave of absence under this subsection while serving in the uniformed services shall not be entitled under this subsection to any benefits to which the person would not otherwise be entitled if the person had remained continuously employed.

(4) Such person may be required to pay the employee cost, if any, of any funded benefit continued pursuant to paragraph (1) to the extent other employees on furlough or leave of absence are so required.

(5) The entitlement of a person to coverage under a health plan is provided for under section 4317.

(6) The entitlement of a person to a right or benefit under an employee pension benefit plan is provided for under section 4318.

(c) A person who is reemployed by an employer under this chapter shall not be discharged from such employment, except for cause—

(1) within one year after the date of such reemployment, if the person's period of service before the reemployment was more than 180 days; or

(2) within 180 days after the date of such reemployment, if the person's period of service before the reemployment was more than 30 days but less than 181 days.

4a

(d) Any person whose employment with an employer is interrupted by a period of service in the uniformed services shall be permitted, upon request of that person, to use during such period of service any vacation, annual, or similar leave with pay accrued by the person before the commencement of such service. No employer may require any such person to use vacation, annual, or similar leave during such period of service.

(e)

(1) An employer shall grant an employee who is a member of a reserve component an authorized leave of absence from a position of employment to allow that employee to perform funeral honors duty as authorized by section 12503 of title 10 or section 115 of title 32.

(2) For purposes of section 4312(e)(1) of this title, an employee who takes an authorized leave of absence under paragraph (1) is deemed to have notified the employer of the employee's intent to return to such position of employment.

5a

**38 U.S.C. § 4317(a)(1).** Health Plans

(a)

(1) In any case in which a person (or the person's dependents) has coverage under a health plan in connection with the person's position of employment, including a group health plan (as defined in section 607(1) of the Employee Retirement Income Security Act of 1974), and such person is absent from such position of employment by reason of service in the uniformed services, or such person becomes eligible for medical and dental care under chapter 55 of title 10 by reason of subsection (d) of section 1074 of that title, the plan shall provide that the person may elect to continue such coverage as provided in this subsection. The maximum period of coverage of a person and the person's dependents under such an election shall be the lesser of—

(A) the 24-month period beginning on the date on which the person's absence begins; or

(B) the day after the date on which the person fails to apply for or return to a position of employment, as determined under section 4312(e).

**Federal regulations**

**20 C.F.R. § 1002.149.** What is the employee's status with his or her civilian employer while performing service in the uniformed services?

During a period of service in the uniformed services, the employee is deemed to be on furlough or leave of absence from the civilian employer. In this status, the employee is entitled to the non-seniority rights and benefits generally provided by the employer to other employees with similar seniority, status, and pay that are on furlough or leave of absence. Entitlement to these non-seniority rights and benefits is not dependent on how the employer characterizes the employee's status during a period of service. For example, if the employer characterizes the employee as "terminated" during the period of uniformed service, this characterization cannot be used to avoid USERRA's requirement that the employee be deemed on furlough or leave of absence, and therefore entitled to the non-seniority rights and benefits generally provided to employees on furlough or leave of absence.

**20 C.F.R. § 1002.150.** Which non-seniority rights and benefits is the employee entitled to during a period of service?

(a) The non-seniority rights and benefits to which an employee is

7a

entitled during a period of service are those that the employer provides to similarly situated employees by an employment contract, agreement, policy, practice, or plan in effect at the employee's workplace. These rights and benefits include those in effect at the beginning of the employee's employment and those established after employment began. They also include those rights and benefits that become effective during the employee's period of service and that are provided to similarly situated employees on furlough or leave of absence.

(b) If the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services. In order to determine whether any two types of leave are comparable, the duration of the leave may be the most significant factor to compare. For instance, a two-day funeral leave will not be "comparable" to an extended leave for service in the uniformed service. In addition to comparing the duration of the absences, other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered.

(c) As a general matter, accrual of vacation leave is considered to be a non-seniority benefit that must be provided by an employer to an employee on a military leave of absence only if the employer provides that benefit to similarly situated employees on comparable leaves of absence.

**20 C.F.R. § 1002.7.** How does USERRA relate to other laws, public and private contracts, and employer practices?

(a) USERRA establishes a floor, not a ceiling, for the employment and reemployment rights and benefits of those it protects. In other words, an employer may provide greater rights and benefits than USERRA requires, but no employer can refuse to provide any right or benefit guaranteed by USERRA.

(b) USERRA supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by USERRA, including the establishment of additional prerequisites to the exercise of any USERRA right or the receipt of any USERRA benefit. For example, an employment contract that determines seniority based only on actual days of work in the place of employment would be superseded by USERRA, which requires that seniority credit be

9a

given for periods of absence from work due to service in the uniformed services.

(c) USERRA does not supersede, nullify or diminish any Federal or State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that establishes an employment right or benefit that is more beneficial than, or is in addition to, a right or benefit provided under the Act. For example, although USERRA does not require an employer to pay an employee for time away from work performing service, an employer policy, plan, or practice that provides such a benefit is permissible under USERRA.

(d) If an employer provides a benefit that exceeds USERRA's requirements in one area, it cannot reduce or limit other rights or benefits provided by USERRA. For example, even though USERRA does not require it, an employer may provide a fixed number of days of paid military leave per year to employees who are members of the National Guard or Reserve. The fact that it provides such a benefit, however, does not permit an employer to refuse to provide an unpaid leave of absence to an employee to perform service in the uniformed services in excess of the number of days of paid military leave.

10a

**Collective Bargaining Agreement**

**Article 30.** Grievance and Arbitration Procedure

**Section 1.** A grievance shall be defined as a dispute regarding the interpretation and/or application of the particular provisions of this Agreement, filed by an authorized Union Representative on behalf of an Employee covered by this Agreement, alleging a violation of the terms and provisions of this Agreement. However, disputes specifically excluded in other Articles of this Agreement from the Grievance and Arbitration procedure shall not be construed as within the definition set forth above.

**Article 40.** Military Leave

**Section 1.** Employees who are members of the United States Armed Forces Reserves or National Guard who are ordered to active duty will be granted a leave of absence in accordance with Company Policy and Federal Law.

**Section 2.** The parties agree Employees who are members of the United States Armed Forces Reserves or National Guard who are ordered to temporary training duty be entitled to up to the equivalent of two (2)

11a

weeks' pay in any one calendar year. The differential will be calculated on a daily basis using the Employee's base hourly wage rate time eight (8) hours/ten (10) hours and the Employee's basic daily compensation received from the military exclusive of travel pay, subsistence and quarters' allowances. Evidence of orders and amount of military pay are required in order to support military leave pay requests.

**Amentum's Military Leave Policy**

**2.0 Applicability**

This procedure applies to all Amentum employees under its exclusive control, unless precluded by explicit language in a Collective Bargaining Agreement (CBA). Amentum employees inducted into the U.S. Armed Forces or who are reserve members of the U.S. Armed Forces or state militia groups, shall be granted leaves of absence for military service, training or other obligations in compliance with state and federal laws.

**4.2 Military Leave Benefits**

4.2.1 Regular, full-time employees, who are members of a Military Reserve Organization and are ordered to temporary training duty, are paid the difference between their straight time pay and their military pay, excluding travel allowances. Payment is made for up to ten (10) days

of training in any one calendar year.

4.2.2 Employees called to active duty will be eligible for the differential pay described above for a period up to three (3) months. Additionally, supplemental pay may be extended based on personal hardship. Hardship cases will be reviewed and approved by the respective Strategic Business Unit (SBU) Human Resources Vice President/Director and SBU Vice President/General Manager.

4.2.3 Employees on temporary or extended military leave may, at their option, use any or all accrued paid leave time during their absence. Employees who take their accrued annual leave will receive their regular salary with no subsequent reduction for pay received from the military.

4.2.4 At the completion of military duty, employees must submit a payment voucher to Human Resources as soon as possible.

### 4.3 Eligibility

4.3.1 Regular, full-time employees taking part in a variety of military duties are eligible for benefits under this procedure. Such military duties include leaves of absence taken by members of the uniformed services, including Reservists, National Guard members for training, periods of active military service, and funeral honors duty, as well as time spent

being examined to determine fitness to perform such service. Subject to certain exceptions under the applicable laws, these benefits are generally limited to five (5) years of leave of absence.

**4.11 Military Reserve Duty**

4.11.1 Time served on Military Reserve Duty may be charged as Paid Time Off (PTO) where the employee completes his/her timesheet using accrued PTO hours for the tour of duty. Employees using accrued PTO will not be required to submit any military payment vouchers to Amentum. The employee would retain his/her full military pay as well as any PT.

4.11.2 Alternatively, Amentum will pay the employee the difference, if any, between what he/she receives while on Military Reserve Duty and his/her normal hourly rate. No more than eight (8) hours per day or more than forty (40) hours per week will be considered for a maximum of two weeks (weekends excluded) per year.

4.11.3 Benefits will continue during the time an employee is on Military Reserve Duty as long as the duty does not exceed two weeks per year (excluding weekends). Employees called for periods longer than a two-week interval will be considered to be on Active Duty.

**4.12 Military Active Duty**

4.12.1 Amentum will pay the employee the difference, if any, between what he/she receives while on Active Duty and his/her normal hourly rate. No more than eight (8) hours per day or more than forty (40) hours per week will be considered (weekends excluded). Differential is limited to a maximum of 90 calendar days per plan year. The plan year for this military duty pay differential begins the first day of an eligible employee's leave and continues from that date through the next 12 months. An eligible employee who is not paid the full 90-day differential reimbursement may use any portion of the remaining balance if he/she is recalled within the original 12-month period.

4.12.2 There is no carryover of unused time from one plan year to the next. If the full 90-day differential is paid, an employee must return to work for a period of three (3) months following the end of the plan year OR after the original 12-month period ends before becoming eligible for another 90 days of differential pay.

4.12.3 Reimbursement requests must be made within 90 days of payment of military funds or an employee will forfeit this benefit unless it is demonstrated that it was beyond the employee's ability to do so. An

15a

employee who is on active duty must make arrangements with his/her Human Resources Representative to submit these vouchers.

4.12.4 Upon completion of Active Duty, the employee is guaranteed employment in accordance with Federal Government Title 38, Chapter 43 of the U.S. Code. Refer to Section 4.5.1 for more information. The employee will have the right to return to the same position or a similar position if the original position is not available. This position is guaranteed unless the Group's circumstances have so changed as to make it impossible to do so. Furthermore, the employee returning from Active Duty is entitled to make and receive "catch-up" contributions under the Company's 401(k) retirement plan. See Section 4.4.6 for more information.